UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| SERGIO H GARCIA, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. M-06-130 |
| | § | |
| FIDELITY ATM, INC., | § | |
| | § | |
| Defendant. | § | |

**ORDER DENYING DEFENDANT'S MOTION TO DISMISS
AND TRANSFERRING VENUE**

**I. Background**

Now before this Court is Defendant's Motion to Dismiss for Improper Venue Based on Mandatory Forum Selection Clause. (Doc. 12). Plaintiff Sergio H. Garcia ("Garcia") asserts causes of action for fraud and breach of contract against Defendant Fidelity ATM, Inc. ("Fidelity ATM") arising out of a contract for the purchase of automated teller machines ("ATMs"). (Doc. 1). More specifically, Garcia alleges that after viewing Fidelity ATM's website, Garcia contacted Fidelity ATM to obtain more information about the business deals it offered. *Id.* According to Garcia, Fidelity ATM responded by sending him a Federal Trade Commission Disclosure Statement ("FTC Disclosure Statement"), which statement allegedly induced Garcia to enter into a Master Dealer Agreement ("Agreement") with Fidelity ATM for the purchase of ten (10) new ATMs. *Id.* Garcia also alleges that the FTC Disclosure Statement fraudulently misrepresented certain aspects of the parties' business arrangement and that Fidelity ATM failed to perform as promised under the Agreement. *Id.* Fidelity ATM now moves to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(3), 28 U.S.C. § 1406(a), and L.R. 7.1 on the grounds

that a mandatory forum selection clause in the Agreement warrants such dismissal. (Doc. 12).

The parties do not dispute that the forum selection clause in the Agreement states as follows:

> 19. **Jurisdiction and Venue**. The parties acknowledge that, without limiting the jurisdiction or venue of any other federal or state court, each of the parties irrevocably and unconditionally: (a) agree[] that any suit, action or legal proceeding arising out of or relating to this Agreement will be brought in the District Court of the United States, Southern District of Florida, any court of record in the State of Florida in Palm Beach County; if that court lacks jurisdiction, the courts of record of the State of Florida in Palm Beach, Florida; and (b) agree[] that service of any court paper may be effected on that party by mail at the last known address, as provided in this Agreement, or in any other manner as may be provided under applicable laws or court rules in the State[] of Florida.

(Docs. 12, 24, 26).

## II. Analysis

### A. The Forum Selection Clause is Mandatory

The Court must first reach the threshold issue of whether the forum selection clause at issue is mandatory or permissive. *See Caldas & Sons, Inc. v. Willingham*, 17 F.3d 123, 127 (5th Cir. 1994)("before determining whether a forum selection clause is mandatory and thus enforceable..., we must determine whether we are here presented with a mandatory forum selection clause or merely a permissive one."). A mandatory forum selection clause requires that the named forum be the exclusive forum for the suit, whereas a permissive forum selection clause allows the suit to proceed in the named forum, but does not require that the suit be brought only in that forum. *See id.* at 127-28; *Keaty v. Freeport Indonesia, Inc.*, 503 F.2d 955 (5th Cir. 1974)(per curiam); *see also City of New Orleans v. Mun. Admin. Servs., Inc.*, 376 F.3d 501, 504 (5th Cir. 2004).

The Court must look to the specific wording in the forum selection clause to determine whether it is mandatory or permissive. To find a clause mandatory, the language in the clause "must clearly demonstrate the parties' intent to make [the forum] exclusive." *See City of New*

*Orleans*, 376 F.3d at 504. According to the court in *Caldas*, "language similar to that presented to the Supreme Court in *M/S Bremen* is the kind required for a court to find an unambiguous, mandatory forum selection clause." *Caldas*, 17 F.3d at 128 (citing *Keaty*, 503 F.2d at 956-57). In that case, the Supreme Court found that a clause specifying that "[a]ny dispute arising must be treated before the London Court of Justice" was "clearly mandatory." *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 20 (1972); *see also Kevlin Servs., Inc. v. Lexington State Bank*, 46 F.3d 13, 14-15 (5th Cir. 1995)(finding mandatory a forum selection clause stating that "[t]his contract shall be interpreted and construed in accordance with the laws of the State of Texas. The legal venue of this contract and any disputes arising from it shall be settled in Dallas County, Texas."). In *Caldas*, the Fifth Circuit found that a clause stating that "[t]he law and courts of Zurich shall be applicable" indicated only that the parties consented to the jurisdiction of Zurich courts, not that the parties intended to declare Zurich to be the exclusive forum for the adjudication of disputes arising out of the contract. *Caldas*, 17 F.3d at 127-28; *see also Keaty*, 503 F.2d at 956-57 (clause providing that "[t]his agreement shall be...enforceable according to the law of the State of New York and the parties submit to the jurisdiction of the courts of New York" could reasonably be interpreted to mean that parties merely intended to submit to jurisdiction of New York courts if sued there, and thus was not mandatory).

Here, Fidelity ATM argues that because the clause at issue states that the parties "unconditionally and irrevocably" agree that jurisdiction and venue "will be brought" in Florida, such clause is clearly mandatory. (Docs. 12, 26). Fidelity ATM further contends that even if the general provision in the forum selection clause, *i.e.*, "without limiting the jurisdiction or venue of any federal or state court," creates an ambiguity, such general language is overcome by the more specific language following. (Doc. 26). In addition, Fidelity ATM argues that interpreting the

forum selection clause as permitting jurisdiction in any other federal or state court would render meaningless subsection (b) of the clause, which states that the parties "unconditionally and irrevocably" agree to the service of court papers as provided in the Agreement "or in any other manner as may be provided under applicable laws or court rules in the State of Florida." *Id.* Garcia contends, on the other hand, that the forum selection clause lacks clear and unequivocal language mandating an exclusive venue available for legal action. (Doc. 24). More specifically, Garcia argues that the clause at issue is permissive of other jurisdictions and venues because it states that "[t]he parties acknowledge that, without limiting the jurisdiction or venue of any other federal or state court," venue is proper in Florida. *Id.* Garcia also argues that the remainder of the clause, in allowing jurisdiction in federal *or* state court, does not mandate one exclusive venue. *Id.*

    The Court notes that were it to construe the initial words of the clause to permit jurisdiction and venue in any other federal or state court, the remaining words in the clause would be in direct contradiction to the words preceding. Despite Garcia's arguments to the contrary, subsection (a) clearly states that the parties agree that any suit arising out of the Agreement *will* be brought in federal district court in the Southern District of Florida or any court of record in the State of Florida, Palm Beach County. That subsection (a) allows for venue in federal *or* state court does not render it permissive -- rather, the language merely reflects the reality that certain jurisdictional requirements must be met for a suit to be filed properly in a federal, versus a state, forum. In addition, the Court finds that the initial words of the forum selection clause also reflect this reality -- that is, the words signify that the remainder of the clause, though mandatory in nature, cannot *confer* venue or jurisdiction in a court where it is not otherwise proper. Any other reading of the initial words of the clause would create a clause that is not ambiguous, as Garcia

argues, but one that simply does not "make sense." In addition, the Court agrees with Fidelity ATM that subsection (b) would be rendered a nullity were the Court to interpret the clause as permitting jurisdiction in any federal or state court. Keeping in mind its duty to "'honor the presumption that parties to a contract intend every clause to have some effect,'" the Court cannot accept a reading of a clause that allows its preliminary, general language to render the remaining, more specific language ineffectual. *Baton Rouge Oil & Chem. Workers Union v. Exxonmobil Corp.*, 289 F.3d 373, 377 (5th Cir. 2002)(quoting *Chapman v. Orange Rice Milling Co.*, 747 F.2d 981, 983 (5th Cir. 1984)).[1] As such, the Court concludes that the forum selection clause at issue is mandatory.

**B.  The Forum Selection Clause is Enforceable**

Federal law applies to questions regarding the enforceability of forum selection clauses. *Haynsworth v. The Corp.*, 121 F.3d 956, 962 (5th Cir. 1997). A forum selection clause specifying a mandatory venue for the litigation of a dispute is "prima facie valid and should be enforced unless enforcement is shown by the resisting party to be 'unreasonable' under the circumstances." *M/S Bremen*, 407 U.S. at 10; *see also Seattle-First Nat'l v. Manges*, 900 F.2d 795, 799 (5th Cir. 1999); *Haynsworth*, 121 F.3d at 963. The enforcement of such clause would be unreasonable if: "(1) the incorporation of the forum selection clause into the agreement was the product of fraud or overreaching; (2) the party seeking to escape enforcement 'will for all practical purposes be deprived of his day in court' because of the grave inconvenience or unfairness of the selected forum; (3) the fundamental unfairness of the chosen law will deprive the plaintiff of a remedy; or (4) enforcement of the forum selection clause would contravene a strong public policy of the state." *Haynsworth*, 121 F.3d at 963 (citing *Carnival Cruise Lines,*

---

[1] The court in *Baton Rouge Oil* also noted that "[i]t is a fundamental axiom of contract interpretation that specific provisions control general provisions." *Baton Rouge Oil*, 289 F.3d at 377 (citing Restatement (Second) of Contracts § 203(c)).

*Inc. v. Shute*, 499 U.S. 585, 595 (1991); *M/S Bremen*, 407 U.S. at 12-13).

Here, Garcia claims in his response to Fidelity ATM's Motion to Dismiss that Fidelity ATM "has committed fraud and overreached with the clause. Since [Fidelity ATM] refuses to accept the plain language of their forum selection clause which clearly does not exclude this court from jurisdiction, [Fidelity ATM's] actions amount to fraud and overreaching and therefore the forum selection clause, if the court should decide it is mandatory, should not be enforced." (Doc. 24); *see Haynsworth*, 121 F.3d at 963. Fidelity ATM contends that the cause of action for fraud set forth in Garcia's Complaint pertains solely to alleged written fraudulent misrepresentations contained within the FTC Disclosure Statement, which representations allegedly induced Garcia to enter into the Agreement containing the clause at issue. (Doc. 12). As such, Garcia cannot establish that the forum selection clause itself was the product of fraud or overreaching. *Id.*

The Court notes that despite Garcia's statement to the contrary, the plain language of the forum selection clause mandates jurisdiction in Florida, as discussed *supra*. The Court cannot accept Garcia's argument that because Fidelity ATM has contested this Court's jurisdiction by means of the forum selection clause in the Agreement, such clause is the product of fraud or overreaching. In addition, the Court agrees with Fidelity ATM that Garcia's Complaint does not specifically allege that the forum selection clause was the product of fraud or overreaching. *Hartash Const., Inc. v. Drury Inns, Inc.*, 252 F.3d 436 (5th Cir. 2001) (per curiam)(party must demonstrate that forum selection clause itself, not entire contract, is product of fraud or overreaching); *Carriers, Inc. v. Moeykens*, 145 F.3d 298, 302 n.3 (5th Cir. 1998)(although plaintiffs claimed fraud in the inducement of the forum selection clause, nothing in their more specific allegations supported such claim). As such, the Court does not find that the enforcement

of the forum selection clause at issue is unreasonable on such basis.

Garcia argues that the enforcement of the clause is nonetheless unreasonable because (1) given the substantial amount of money Garcia has already paid to Fidelity ATM pursuant to the Agreement, and given the distance between the present forum and a Florida forum, litigating the case in Florida would be "all but impossible"; (2) the witnesses in the case reside in the Rio Grande Valley; and (3) Garcia's bargaining power pales in comparison to that of Fidelity ATM. (Doc. 24). In other words, Garcia does not appear to contend that the enforcement of the forum selection clause would be unreasonable because Garcia would be deprived of a remedy due to the fundamental unfairness of the chosen law, or that such enforcement would contravene a strong public policy of the state. *See Haynsworth*, 121 F.3d at 963. Rather, Garcia appears to argue that he will for all practical purposes be deprived of his day in court because of the grave inconvenience or unfairness of the selected forum. *Id.*

The Fifth Circuit has found that "the inconvenience of trying a case in one state versus another is insufficient to invalidate a forum-selection clause." *Hartash*, 252 F.3d at 436. Furthermore, the court in *Hartash* explained that "if at the time of contracting, the parties were aware of the inconvenience of the chosen forum, that inconvenience will not render the forum-selection clause unenforceable." *Id.* Here, as in *Hartash*, Garcia has not alleged that he was unaware of the forum selection clause when he entered into the Agreement, nor does he allege that he was ignorant of the fact that he was contracting with a Florida corporation and that contact with Florida would be required in the course of his business relationship with Fidelity ATM. (Doc. 1; Doc. 24); *see also id.* In short, "[w]hatever 'inconvenience' [Garcia] would suffer by being forced to litigate in the contractual forum as [he] agreed to do was clearly foreseeable at the time of contracting." *M/S Bremen*, 407 U.S. at 17-18.

In addition, the Court cannot accept Garcia's argument that his payment of a substantial sum of money to Fidelity ATM pursuant to the Agreement now renders the expense of litigating in Florida gravely inconvenient or unfair.  As recognized by the district court in *Abramson v. Am. Online, Inc.*, 393 F.Supp.2d 438, 442-43 (N.D.Tex. 2005), the Supreme Court in *Carnival Cruise Lines* suggested that the mere expense of trying a case in a particular forum is insufficient to demonstrate the required level of inconvenience under *M/S Bremen*.  *See Carnival Cruise Lines*, 499 U.S. at 594-95.  The court in *Abramson* and at least one other district court within this Circuit have likewise refrained from finding grave inconvenience or unfairness where the plaintiff complains, in general terms and without submitting sufficient proof, of the expense of litigation in the selected forum.  *See Abramson*, 393 F.Supp.2d at 442-43 (plaintiff's assertion that she may not have been able to afford to retain counsel in mandated forum insufficient, as plaintiff presented no evidence that she could not obtain counsel on a contingent fee basis); *Mouch v. BellSouth Adver. & Pub. Corp.*, 2004 WL 1687231 at *3 (E.D.La. 2004)(plaintiff's conclusory allegations that he would not be able to litigate in selected forum given economic hardship insufficient); *cf. Sudduth v. Occidental Peruana*, 70 F.Supp.2d 691, 696 (E.D.Tex. 1999)(due to U.S. plaintiffs' showing of financial status, failing health, difficulty in traveling to selected forum of Peru, and heavy burden of requiring translator to translate communications between Peruvian attorney and at trial proceedings, court found grave inconvenience and unfairness in enforcement of forum selection clause).  In addition, the Court notes that as Garcia has not alleged that he was unaware of the forum selection clause at the time he entered into the Agreement with Fidelity ATM, a Florida corporation, the expense of litigation in Florida was foreseeable to him at that time.  As such, Garcia cannot now complain that such expense renders the forum selection clause gravely inconvenient or unfair.  *See Hartash*, 252 F.3d at 436; *M/S*

*Bremen*, 407 U.S. at 17-18; *Marklyn Controls Supply v. Pall Trinity Micro Corp.*, 862 F.Supp. 140, 141 (W.D.Tex. 1994)(although it may be expensive and inconvenient to litigate suit in another forum, plaintiff should have considered this prior to entering into contract).

Neither does Garcia's mere allegation that the witnesses to the present dispute reside in the Rio Grande Valley convince this Court that enforcing the forum selection clause would be gravely inconvenient or unfair. The Fifth Circuit and district courts within this Circuit have considered such argument and rejected it. *Hartash*, 252 F.3d at 436 (no grave inconvenience or unfairness where plaintiff asserted that its ability to present case in Missouri would be greatly impaired because witnesses and relevant evidence remained in Louisiana); *Mouch*, 2004 WL 1687231 at *3 (citing *Workrs' Comp. Legal Clinic of La. v. Bellsouth Telecomms., Inc.*, 2003 WL 21750628 at *5 (E.D.La 2003))(selected forum not so unfair or inconvenient so as to render forum selection clause unenforceable where parties could take advantage of measures that could reduce costs associated with out-of-state witnesses, such as entering into stipulations and submitting deposition testimony in lieu of live testimony); *Marklyn*, 862 F.Supp. at 141 (proceeding in New York, as opposed to Texas, not gravely inconvenient where Federal Rules of Civil Procedure would allow plaintiff to secure testimony of certain Texas witnesses and/or parties outside subpoena power of selected forum). This Court can identify no justification for departing from the reasoning of these courts, given that Garcia has not identified the witnesses at issue, nor has he shown that they would be unable to provide testimony in the selected forum.

Finally, Garcia's allegation that his bargaining power pales in comparison to that of Fidelity ATM does not sufficiently demonstrate that litigating the present dispute in Florida would be gravely inconvenient or unfair. As noted by Fidelity ATM, the U.S. Supreme Court has upheld the enforcement of a forum selection clause in a standard form contract on the back of a cruise

line ticket purchased by individual passengers from a cruise ship company. *See Carnival Cruise Lines*, 499 U.S. at 593-95; (Docs. 12, 26); *see also generally Abramson*, *supra* (forum selection clause requiring individual businessperson to litigate in defendant company's selected forum not found to be gravely inconvenient or unfair); *Mouch*, *supra* (same). Therefore, the Court rejects Garcia's argument.

For the foregoing reasons, the Court finds that Garcia has not shown that the incorporation of the forum selection clause into the Agreement with Fidelity ATM was the product of fraud or overreaching or that the enforcement of the clause would be so gravely inconvenient or unfair so as to effectively deprive Garcia of his day in court. As such, the Court concludes that the forum selection clause is enforceable.

## C. Transfer of Venue is Appropriate under 28 U.S.C. § 1406(a)

Although the Fifth Circuit has found that a motion to dismiss based on an enforceable forum selection clause is proper where the clause designates a foreign or state jurisdiction as the exclusive forum for suit, it has not considered whether dismissal is appropriate where the clause designates another federal forum. *Lim v. Offshore Specialty Fabricators, Inc.*, 404 F.3d 898, 900-02 (5th Cir. 2005)(Federal Rule of Civil Procedure 12(b)(3) proper method for seeking dismissal where clause designated foreign jurisdiction as exclusive venue); *Int'l Software Sys., Inc. v. Amplicon, Inc.*, 77 F.3d 112, 115 (5th Cir. 1996)(dismissal appropriate pursuant to 28 U.S.C. § 1406(a) where clause limited agreed venue to state court).

The Court recognizes that a number of district courts within this Circuit have declined to dismiss a case under either Rule 12(b)(3) or § 1406(a) where the court determines, in its discretion, that transfer of venue under § 1406(a) is appropriate. *Gary E. Patterson, P.C.*, 2005 WL 3307527 at *3-6 (S.D.Tex. 2005)(ordering transfer of case pursuant to § 1406(a) based on

enforceable forum selection clause, rather than dismissing under Rule 12(b)(3)); *Abramson*, 393 F.Supp.2d at 443 (transferring sua sponte pursuant to § 1406(a) on basis of enforceable forum selection clause, rather than dismissing pursuant to that section); *Pugh v. Arrow Elecs., Inc.*, 304 F.Supp.2d 890, 896 (N.D.Tex. 2003)("When a forum-selection clause is found reasonable and, as a result, venue is determined to be improper, transfer is generally preferred over dismissal."); *Nat'l Voice Commc'ns, Inc. v. Fed. Transtel, Inc.*, 2001 WL 460867 at *2 (N.D.Tex. 2001)(electing to transfer case pursuant to § 1406(a) upon concluding that venue in Northern District of Texas was "wrong," as enforceable forum selection clause mandated filing of action in Georgia).[2]

Although Fidelity ATM has moved only to dismiss pursuant to § 1406(a), the Fifth Circuit has expressly stated that "a district court may transfer a case upon motion or sua sponte." *Caldwell v. Palmetto State Bank of S.C.*, 811 F.2d 916, 919 (5th Cir. 1987). The Fifth Circuit has further observed that "'[i]f by reason of the uncertainties of proper venue a mistake is made, Congress, by the enactment of § 1406(a), recognized that 'the interest of justice' may require that [a case] not be dismissed but rather that it be transferred in order that the plaintiff not be penalized by...'time-consuming and justice-defeating technicalities.'" *Dubin v. U.S.*, 380 F.2d 813, 815 (5th Cir. 1967)(quoting *Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 467 (1962)). Here, forcing Garcia to re-file suit in Florida when the Court has been provided with the statutory mechanism to transfer the case would be time-consuming and inefficient. As such, the Court concludes that the interest of justice is best served by transferring this case to a venue contemplated by the parties' Agreement.

---

[2] Section 1406(a) provides that "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."

**III. Conclusion**

For the foregoing reasons, the Court hereby **DENIES** Defendant Fidelity ATM's Motion to Dismiss (Doc. 12) and hereby **ORDERS** that the present action be transferred to the U.S. District Court, Southern District of Florida, West Palm Beach Division, pursuant to the authority of 28 U.S.C. § 1406(a).

SO ORDERED this 27th day of September, 2006, at McAllen, Texas.

_____
Randy Crane
United States District Judge